UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS MESTER, | No. 2:17-cv-1712 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL MARTEL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has also filed motions for preliminary injunction and default judgment. ECF Nos. 2, 9.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 8, 11. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

2

ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendants Martel, Dix, and Gonzales violated plaintiff's Eighth Amendment rights by failing to protect him from a dangerous living condition.[1] ECF No. 1. Specifically, plaintiff alleges that the cell doors at California Health Care Facility (CHCF) are unsafe because they open outward and do not have any latches or handles that allow inmates to safely close the doors themselves when they are inside their cells. Id. at 5. According to prison policy, after an inmate returns to his cell, prison staff are responsible for ensuring that the cell door is securely closed before heading to the next cell. Id. at 3, 5. However, on November 9, 2016, defendants Dix and Gonzales were returning inmates to their cells and releasing other inmates when Dix violated policy by not waiting to close plaintiff's cell door after he returned to his cell. Id. Instead, he opened the door and immediately left to let other inmates out. Id. at 5. Plaintiff then tried to close the cell door himself by grabbing the side of the cell door and pulling hard. Id. However, he did not get his hands out of the way fast enough and his right thumb got caught in the door and partially amputated. Id. He began yelling "man down" and Dix and Gonzales immediately came running and sounded an alarm. Id. at 5-6. Plaintiff was rushed out

---

[1] Although plaintiff makes some allegations about his subsequent medical care, he does not allege that Martel, Dix, or Gonzales were involved with his care and he does not identify any medical providers as defendants.

3

to the hospital where they tried to save his thumb. Id. at 6. He now has permanent nerve damage and disfiguration. Id. Defendant Martel is the warden at CHCF. Id. at 7.

IV. Failure to State a Claim

A. Defendants Gonzales and Martel

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotation marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

Although plaintiff alleges that defendant Gonzales was also returning inmates to their cells and releasing other inmates, there is no indication that he was assisting with returning plaintiff to his cell. ECF No. 1 at 3, 5-6. Gonzales' presence in the general vicinity of the incident is insufficient to demonstrate that he had any involvement in, or awareness of, the events leading up to plaintiff's injury. Accordingly, the claims against him are insufficient as pled and plaintiff will be granted an opportunity to amend them. The claims against defendant Martel are also factually deficient. Plaintiff makes no allegations against Martel other than that he is the

4

1 | warden and therefore the final policy maker and responsible for the conditions of the prison. Id.
2 | at 7. It appears that plaintiff is making claims against Martel based solely on his position as
3 | warden, which is not a sufficient ground to state a claim for relief. He must allege some specific
4 | action by Martel that violated his rights.

### B. Defendant Dix

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S.at 832 (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

The fact that defendant Dix violated policy, by itself, is insufficient to demonstrate deliberate indifference. Moreover, plaintiff's allegations do not show that Dix was aware that leaving without closing the cell door would pose a risk to plaintiff's health or safety. The injury to plaintiff's thumb was a result of his own actions in choosing to try and close the door himself rather than asking for assistance or waiting for Dix to come back after letting the other inmates out. There are no facts from which the court can infer that Dix ignored requests from plaintiff or that, even if he did ignored requests for assistance, Dix had reason to believe plaintiff's attempt to close the door himself would lead to a serious injury. Plaintiff will be provided an opportunity to amend his claim against Dix.

////

V.    Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.    Motion for Preliminary Injunction

In order to prevail on a motion for preliminary injunctive relief, the Ninth Circuit has held

> that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." De Beers Consol. Mines[ v. United States], 325 U.S. [212,] 220, 65 S. Ct. 1130 [(1945)]. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). Because the complaint is being dismissed with leave to amend, there are currently no claims pending and the motion for preliminary injunction will therefore be denied as moot. If plaintiff chooses to file an amended complaint, he may file another motion for preliminary injunction at that time.

VII. Motion for Default Judgment

Plaintiff has filed a motion for default judgment. ECF No. 9. Because defendants have not yet been served with the complaint, they are under no obligation to respond and cannot be in default. The motion for default judgment will therefore be denied.

VIII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. Your motion for default judgment is denied because the defendants have not been served with the complaint and are not required to respond yet. Your motion for preliminary injunction is denied because the complaint is being denied with leave to amend. If you file an amended complaint, you can file another motion for preliminary injunction at that time.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. If you want to state claims against the defendants, you will need to include facts that show that the defendants were aware of the risk to your safety and ignored it.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8, 11) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3. Plaintiff's motion for default judgment (ECF No. 9) is DENIED.

4. Plaintiff's motion for preliminary injunction (ECF No. 2) is DENIED as moot.

5. Plaintiff's complaint is dismissed with leave to amend.

6. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

7. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

IT IS SO ORDERED.

DATED: March 30, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE